Mrs. Francesca E. Montenegro
Zerbe, Miller, Fingeret, Frank & Jadav, LLP
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
CA State Bar No. 257589
(713) 350-3523 - Phone
(713) 350-3607 - Facsimile
FMontenegro@ZMFLaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| AHMED KHAWAJA,<br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No.:<br><br>**ORIGINAL COMPLAINT** |

COMES NOW, AHMED KHAWAJA, (hereinafter referred to collectively as the "Taxpayer") by and through the undersigned counsel, and file this Original Complaint against the United States of America, alleging as follows:

**Jurisdiction and Venue**

1. This civil action against the United States of America for a refund of amounts paid to the Internal Revenue Service under 26 United States Code § 7422.

2. This Court has jurisdiction pursuant to 28 United States Code §§ 1340 and 1346, and venue is proper under 28 United States Code § 1402.

**Parties**

3. Plaintiff, Ahmed Khawaja, is an individual residing at 7095 Hollywood Blvd., Std 543, Los Angeles, CA 90028-8912. The claim for tax refund representing the basis for this suit was filed by Ahmed Khawaja in his individual capacity.

4. Defendant is the United States of America (hereinafter sometimes referred to as "Defendant" or "Government") and may be served by mailing two copies of this Original Complaint by certified mail to Nicola T. Hanna, United States Attorney for the Central District of California, at United States Attorney's Office, Central District of California, 300 N. Los Angeles Street, Suite 7516, Los Angeles, California 90012; and mailing two copies of this Original Complaint by certified mail to William P. Barr., Attorney General of the United States, 950 Pennsylvania Ave., NW, Washington, D.C. 20530-0001.

**Background Facts**

5. This is an action arising under the Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for recovery of $41,519.00 in federal income taxes paid and collected from Plaintiff by

Defendant for Plaintiff's Tax Year ending December 31, 2014, plus interest thereon as provided by law.

6. The Plaintiff was, in the relevant year, the 100% shareholder in AlliedWallet, Inc. (hereafter "AlliedWallet"), an S Corporation that is taxed on a pass-through basis.

7. Plaintiff's original 2014 tax return was due on April 15, 2015. Plaintiff timely filed his original tax return within the allowed period on April 15, 2015. Under 26 United States Code § 6511(a), a taxpayer has three years from the day of filing the original tax return to file a claim for refund. Thus, April 15, 2018 was the last day on which Plaintiff could file a claim for refund on his 2014 tax return.

8. On March 30, 2018, Plaintiff mailed via United States Postal Service certified mailing an amended tax return requesting a refund of $41,519.00 in taxes paid, due to AlliedWallet filing an amended tax return. Plaintiff's tax return was received by the Internal Revenue Service on April 6, 2018.

9. Title 26 United States Code § 6072 states that "returns made on the basis of the calendar year shall be filed on or before the 15th day of April following the close of the calendar year…"

10. Title 26 United States Code § 6511(a) states that a, "claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later…"

11. Further, Title 26 United States Code § 6511(b)(1) states that "no credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

12. Title 26 United States Code § 7502 states that "any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period on or before a prescribed date under authority of any provision of the internal revenues laws is, after such period or such date <u>delivered</u> by United States mail to the agency . . . the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed <u>shall be deemed to  be the date of delivery or the date of payment</u>, as the case may be" (emphasis added).  This statute is commonly referred to as the "mailbox rule" or the "timely mailed is timely filed" rule.

a. Treasury Regulations interpreting the "mailbox rule" state: "In the case of certain taxes, a return may constitute a claim for credit or refund. Section 7502 [the "mailbox rule"] is applicable to the determination of whether a claim for credit or refund is timely filed for purposes of section 6511(a) [the 3-year statute of limitations on claims for refund] if the conditions of section 7502 are met, irrespective of whether the claim is also a return."  26 C.F.R. § 301.7502-1(b)(2).

   i. The position of officials within the Internal Revenue Service interpreting the applicability of the "mailbox rule" to claims for refunds is in accord with the regulations:  "However, section 7502 would apply to an amended return that included a claim for refund because taxpayers are required under the internal revenue laws to file a claim in such cases.  I.R.C. § 6511; see also Treas. Reg. §§ 301.6402-3(a)(5) and 301.7502-1(b)(2)."  I.R.S. Chief Counsel Memorandum No. 201052003 (12/30/2010) (internal citations omitted).

13. On June 1, 2018, Defendant denied Plaintiff's claim for a refund.  Defendant alleged in their denial that the amended return on which the refund was

5

claimed was not timely filed.  Specifically, Defendant asserted that the last day to file a timely claim or return for tax year 2014 was April 15, 2017.

14. On June 29, 2018, Plaintiff timely protested the Government's denial and the matter was referred to the Internal Revenue Service Office of Appeals (hereafter "I.R.S. Appeals" or "Appeals") for review.

15. I.R.S. Appeals reviewed the matter for over a year.  On September 25, 2019, the Office of IRS Appeals acknowledged that the amended return was properly mailed within the statutory deadline, and that the amended return was being returned to compliance to process Plaintiff's refund.

16. Despite the IRS acknowledging that the Amended Tax Return was properly and timely filed - to date – Plaintiff has not received his requested refund in the amount of 41,519.00 for his amended 2014 tax return.  The inaction of the IRS has made the filing of this suit necessary.

## Cause of Action

17. Plaintiff hereby incorporates and alleges, as if fully stated herein, each of the allegations of Paragraphs 1 through 15 above.

18. On or before April 15, 2015, Ahmed Khawaja filed with the I.R.S. an amended federal income tax return asserting a claim for refund for taxable year ending December 31, 2014.

19. On March 30, 2018, Ahmed Khawaja filed with the I.R.S. an amended personal income tax return, Form 1040X, claiming a refund of $41,519.00 for the taxable year ending December 31, 2014.  This refund claim resulted from an overpayment of taxes generated by the S Corporation, AlliedWallet, in their 2014 tax year.

20. On June 1, 2018, the I.R.S. disallowed Plaintiff's claim for refund as untimely filed.

21. On September 25, 2019, following timely protest, the IRS affirmed its disallowance of the claim for refund was incorrect, and Plaintiff timely filed his claim for refund. Plaintiff has not received his requested refund in the amount of $41,519.00.

## Damages Sought

22. Plaintiff, Ahmed Khawaja, is entitled to the full amount of the claimed tax refund in the amount of $41,519.00 for the tax year ending on December 31, 2014.

23. Plaintiff is entitled to the maximum interest allowed for recovery under the applicable tax laws.

24. Plaintiff is entitled to all recoverable costs of the court.

## **Prayer for Relief**

WHEREFORE, Plaintiff, Ahmed Khawaja, prays for judgment against Defendant, the United States of America, as follows:

1) finding and ordering that the Government's full disallowance determined for Petitioners tax year ending December 31, 2014 is erroneous;

2) finding that Plaintiff is entitled to the full amount of the claimed refund of $41,519.00 for the tax year ending December 31, 2014, or such greater amount as determined to be allowed by law;

3) finding that Plaintiff is entitled to the maximum interest recoverable under the applicable tax laws;

4) finding that Plaintiff is entitled to attorneys' fees and court costs allowed by law; and

5) granting other and further relief as the Court may deem proper.

ZERBE, MILLER, FINGERET, FRANK & JADAV

DATED: June 30, 2020

**Francesca E. Montenegro**
CA State Bar No. 257589
3009 Post Oak Blvd., Suite 1700
Houston, Texas 77056
Tel:    (713) 350-3523
Fax:    (713) 350-3607
FMontenegro@ZMFLaw.com
ATTORNEY FOR PLAINTIFFS